**Inter-City Const. v. Suffolk Const.   CV-96-012-B    04/05/96**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Inter-City Construction, Inc.

   v.                                                    Civil No. 96-012-B

Suffolk Construction Co., Inc.
and Seaboard Surety Company


# O R D E R

Suffolk Construction Company, Inc. was the general contractor for a new sports arena at the University of New Hampshire.  Suffolk purchased a performance bond from Seaboard Surety Company guaranteeing Suffolk's obligation to pay its subcontractors.

Inter-City Construction, Inc., one of Suffolk's subcontractors, commenced this action against Suffolk and Seaboard, alleging that Suffolk breached its contract with Inter-City and that Seaboard is liable for Suffolk's breach pursuant to the performance bond.  Suffolk and Seaboard have moved to dismiss, claiming that the court lacks subject matter jurisdiction over Inter-City's claims because Federal Rule of Civil Procedure 19(a)(1) and (2) require the joinder of several of Inter-City's subcontractors and their joinder would deprive

the court of diversity of citizenship jurisdiction.  Defendants'
motion is more properly characterized as a motion to dismiss
based on Inter-City's failure to join indispensable parties under
Rule 19(b).  See 3A James W. Moore, Moore's Federal Practice
¶ 19.05[2], p. 19-77 n.6 (2d ed. 1995).

Motions to dismiss based on Rule 19(b) are evaluated using a
two-step process.  First, I must determine whether the absent
person must be joined if feasible because either:

> (1) in the person's absence, complete relief
> cannot be accorded among those already
> parties, or (2) the person claims an interest
> relating to the subject of the action and is
> so situated that the disposition of the
> action in the person's absence may (i) as a
> practical matter impair or impede the
> person's ability to protect that interest, or
> (ii) leave any of the persons already parties
> subject to a substantial risk of incurring
> double, multiple, or otherwise inconsistent
> obligations by reason of the claimed
> interest.

Fed. R. Civ. P. 19(a).  I then must determine "whether in equity
and good conscience the action should proceed among the parties
before it, or should be dismissed, the absent person being thus
regarded as indispensable."  Fed. R. Civ. P. 19(b).  Dismissal is
warranted only if both requirements are satisfied.

Defendants' sole argument is that the missing subcontractors
are indispensable because they also have claims against Suffolk

2

and Seaboard and the state statute on which Inter-City's bond claim is based,[1] requires that all claims against the bond must be adjudicated in a single proceeding.  I reject this argument because the statute provides that other subcontractors with

_____

[1] N.H. Rev. Stat. Ann. 447:18 provides:
> Said claimant shall, within one year after filing such claim, file a petition in the superior court for the county within which the contract shall be principally performed to enforce his claim or intervene in a petition already filed, with copy to the principal and surety, and such further notice as the court may order.  Such petition shall contain an allegation of the nature and subject matter of the claim or contract or indebtedness relied upon, of the execution and delivery of the bond, and of the facts showing compliance by the claimant with the provisions of RSA 447:17 and this section relative to the filing of said claim. Subsequent pleadings may thereafter be filed by any party in interest for the purpose of formulating issues under the direction of the court.  The court shall examine all claims which have been duly filed in accordance herewith, and fix a date for hearing thereon, with notice to all creditors who have filed claims as herein provided, and to the principal and surety or sureties, and find the respective amounts due such party claimants and their rights to participate in the security and make such orders and decrees as justice may require.  The court may require at any hearing on said claims the attendance of any official with whom claims have been filed, with such claims, or require such official to furnish a copy of such claims for the use of the court.

3

claims <u>may</u> file their claims in an action that has been commenced by another party.  It does not require that all claims <u>must</u> be adjudicated in the same action.  If Inter-City's subcontractors also have claims against the bond and they cannot be joined in this action without depriving the court of subject matter jurisdiction, they are free to pursue their claims in state court.  Since defendants offer no other argument to support their claim that the missing subcontractors are indispensable under Rule 19(b), their motion to dismiss is denied.

## <u>CONCLUSION</u>

Defendants' motion to dismiss (document no. 6) is denied.
SO ORDERED.

_____
Paul Barbadoro
United States District Judge

April 5, 1996

cc:  Lawrence Edelman, Esq.
     Frank Spinella, Esq.

4